**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID HUERTA,

                          Plaintiffs,

v.

NIELSEN, et al.,

                          Defendants.

Case No.: 18cv1640-MMA (LL)

**ORDER RE: DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

[Doc. No. 9]

Plaintiff David Huerta is a Seized Property Specialist with United States Customs and Border Protection, Department of Homeland Security. He brings this action *pro se* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, which protects federal employees from discrimination based on race, color, religion, sex, or national origin. Plaintiff alleges that his supervisor racially discriminated and retaliated against him. *See* Doc. No. 1. The government moves to dismiss, or in the alternative, for summary judgment, as to some of Plaintiff's claims. *See* Doc. Nos. 9, 11. Plaintiff filed an opposition to the motion, to which the government replied. *See* Doc. Nos. 14, 15. The Court took the motion under submission on the briefs, without oral argument, pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 16. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the government's motion to dismiss.

1

18cv1640-MMA (LL)

## BACKGROUND

Plaintiff is Caucasian. His supervisor is Hispanic. Plaintiff alleges that his supervisor repeatedly discriminated against him in favor of other Hispanic employees. Plaintiff further alleges that his supervisor retaliated against him for filing complaints with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff requested temporary duty assignments ("TDY") in Iraq on three separate occasions from 2007 to 2009, all of which his supervisor denied based on a purported personnel shortage in the office. However, in 2010, his supervisor granted TDY requests made by two Hispanic employees despite no appreciable change in the personnel situation.

On May 1, 2014, Plaintiff and a Hispanic co-worker argued. Plaintiff's co-worker accused Plaintiff of threatening him. Four hours later, Plaintiff's supervisor reassigned Plaintiff to the Fines, Penalties, and Forfeiture Office ("FPF"), but did not reassign the Hispanic employee. On July 1, 2014, Plaintiff filed a formal complaint against his supervisor for race discrimination and retaliation based on complaints Plaintiff previously filed in 2008 and 2010. On December 17, 2014, Plaintiff received notice of a proposed 10-day suspension based on his supervisor's falsified statement regarding the events of May 1, 2014. Plaintiff eventually served a 7-day suspension without pay.

In December 2015, Plaintiff did not receive a performance achievement award, based on his ostensible failure to participate in the inventory process due to his reassignment. In 2016, his Hispanic co-worker received a performance award despite not participating in inventory process that year. In 2016, Plaintiff requested TDY in Philadelphia, Pennsylvania. His supervisor denied his request, but in 2017, she granted a Hispanic co-worker's request for temporary duty in Puerto Rico.

Based on these allegations, Plaintiff seeks permanent injunctive relief in the form of removal of the 7-day suspension from his employment record and reimbursement of lost pay. He also seeks compensatory and punitive damages.

The government moves to dismiss, or in the alternative, for summary judgment, as to Plaintiff's claims arising out of his May 1, 2014 transfer to the FPF Office, his 7-day suspension, and the denial of his TDY requests.[1] The government argues that Plaintiff's transfer to the FPF Office did not constitute an adverse employment action. The government contends that Plaintiff failed to exhaust his administrative remedies as to the 7-day suspension. The government further asserts that Plaintiff failed to exhaust his administrative remedies with respect to the denial of his Iraq TDY requests. The government acknowledges that Plaintiff exhausted his remedies with respect to the denial of his Philadelphia TDY request, but argues that it did not constitute an adverse employment action.

## DISCUSSION

### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (*citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)).

---

[1] The government does not challenge Plaintiff's claim based on his failure to receive a performance achievement award in 2015.

3

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, in giving liberal interpretation to a *pro se* complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As an alternative to dismissal under Rule 12(b), a party may seek summary judgment "at any time," including at the outset of litigation. Fed. R. Civ. P. 56(b). However, in the Ninth Circuit, summary judgment is not generally granted prior to an opportunity for parties to conduct discovery. *See Inlandboatmens Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002). In this case, based on the nascent procedural posture of the case and Plaintiff's *pro se* status, the Court declines as premature the government's request for summary judgment. As such, the Court has considered only those materials extraneous to Plaintiff's complaint of which it may properly take judicial notice. The Court has disregarded all other documents extraneous to the pleadings. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration.").

### 2. *Judicial Notice*

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "The Court may take judicial notice on its own." Fed. R. Evid. 201(c)(1). While

a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. *See* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Lee*, 250 F.3d at 688-89.

The Court takes judicial notice of the following documents: Plaintiff's July 1, 2014 EEO complaint (Govt. Ex. 1); Plaintiff's February 26, 2016 EEO complaint (Govt. Ex. 3); Plaintiff's March 14, 2016 amendment (Govt. Ex. 4); Plaintiff's August 26, 2015 EEO complaint (Govt. Ex. 12); November 20, 2015 Procedural dismissal of Plaintiff's August 26, 2015 EEO complaint (Govt. Ex. 13); Plaintiff's June 22, 2017 EEO complaint (Govt. Ex. 14); September 14, 2017 procedural dismissal of Plaintiff's June 22, 2017 EEO complaint (Govt. Ex. 15). *See Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) (holding that a court may consider EEOC charge and right-to-sue letter in deciding a motion to dismiss either as a matter attached to the complaint or as records subject to judicial notice) (citing *Venture Associates v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (court may consider materials referred to in the complaint and central to the claim(s)); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court may take judicial notice of matters of public record)).

### 3. *Analysis*

Title VII is the exclusive remedy for claims of employment discrimination by federal employees. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 829-35 (1976); *Taylor v. Geithner*, 703 F.3d 328, 333 (9th Cir. 2013). Under Title VII, the filing of an administrative complaint with the EEOC is a prerequisite to filing a civil action in federal district court. *See* 42 U.S.C. § 2000e-16(c); *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). "The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation. The specific claims made in district court ordinarily must be presented to the EEOC." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th

5

18cv1640-MMA (LL)

Cir. 2003) (internal citations omitted). "[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original). "In cases where the plaintiff has never presented a discrimination complaint to the appropriate administrative authority, the district court does not have subject matter jurisdiction."[2] *Id*. at 709.

Plaintiff alleges that "[o]n July 1, 2014, Plaintiff filed a formal EEO complaint (EEOC No 480-20 2015-00205X) against Port Director Rosa Hernandez for race discrimination and EEO reprisal for the May 1, 2014 reassignment." *Complaint* ¶ 4. Plaintiff's July 1, 2014 EEO complaint clearly encompasses his discrimination and retaliation claims arising out of his transfer to the FPF Office. In addition, Plaintiff filed an EEO complaint on February 26, 2016 regarding his failure to receive a performance award, and successfully amended that complaint to include the denial of his Philadelphia TDY request.

Conversely, the Court appears to lack subject matter jurisdiction over Plaintiff's claims arising out of his November 2007, July 2008, and September 2009 Iraq TDY requests.[3] Plaintiff generally alleges that he filed EEO complaints against his supervisor in September 2008 and December 2010 but does not state whether these complaints included claims relating to the denial of his Iraq TDY requests.[4] Accordingly, these claims are subject to dismissal without prejudice.

---

[2] The Court must determine the scope of its jurisdiction over this action. It may do so *sua sponte*. See *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

[3] The government moves to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies with respect to the denials of his Iraq TDY requests. However, the government argues that Plaintiff never initiated contact with an EEO counselor regarding these incidents, implying that he did not file EEO complaints as required to invoke this Court's subject matter jurisdiction.

[4] Plaintiff's 2008 and 2010 EEO complaints are not part of the record.

Plaintiff also filed EEO complaints regarding his 7-day suspension on August 26, 2015 and June 22, 2017. However, the government argues that Plaintiff failed to exhaust his administrative remedies with respect to his 7-day suspension.

To pursue his Title VII claims in federal court, Plaintiff must have exhausted his administrative remedies. *See Sommatino*, 255 F.3d at 707. "Although exhaustion is not a jurisdictional requirement, it is a prerequisite to suit." *Ross v. United States Postal Serv.*, 696 F.2d 720, 722 (9th Cir. 1983). Failure to exhaust administrative remedies is an affirmative defense, which the government bears the burden of proving in this case. *See Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009). "Equitable conditions may excuse the failure to file an EEOC complaint within the proper time period." *Temengil v. Tr. Territory of Pac. Islands*, 881 F.2d 647, 654 (9th Cir. 1989).

Preclusion by prior election, abandonment, or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review. *See Sommatino*, 255 F.3d at 708. As relevant here, a unionized federal employee who elects to use the negotiated union grievance procedure may not subsequently file an EEO complaint regarding the same underlying employment action. *See* 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a). An employee who makes an election must see the chosen process through to its end in order to exhaust his remedies. *See Vinieratos v. United States*, 939 F.2d 762, 769 (9th Cir. 1991) ("Abandonment of that process in order to pursue another avenue of relief constituted a failure to exhaust the one appropriate administrative remedy he had selected.").

The Court concludes that this is not a matter amenable to resolution pursuant to Rule 12(b)(6). The government contends that Plaintiff elected to pursue a union grievance to challenge his 7-day suspension, but abandoned that process which resulted in the dismissal of his subsequently filed EEO complaints. In opposition, Plaintiff argues that he never filed a union grievance. Plaintiff asserts that he conferred with his union representative, but claims that he ultimately instructed his representative not to file a

grievance. While the Court takes judicial notice of the fact that Plaintiff's August 26, 2015 and June 22, 2017 EEO complaints were dismissed, the facts and legal analysis set forth in the dismissal orders are not subject to judicial notice. In addition, other relevant documents relied upon by the parties are not suitable for judicial notice because the facts set forth in those documents are disputed. Moreover, Plaintiff's purported failure to exhaust is subject to equitable defenses. At this early stage in litigation, the Court would be remiss in concluding that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Finally, the government moves for dismissal on the additional ground that Plaintiff's transfer to the FPF Office and the denials of his TDY requests did not constitute adverse employment actions. To establish a prima facie case of disparate treatment or retaliation, a plaintiff must show that he experienced an adverse employment action. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 604 (9th Cir. 2004); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). However, the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Plaintiff alleges sufficient facts to place the government on notice of the basis for his discrimination and retaliation claims. At the pleading stage, this is all Plaintiff must do.

//

8

18cv1640-MMA (LL)

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the government's motion to dismiss. The Court **GRANTS** Plaintiff leave to file an amended complaint on or before **April 8, 2019** setting forth the basis for this Court's subject matter jurisdiction over Plaintiff's Iraq TDY claims. Any claims not re-alleged in an amended complaint will be deemed waived. *See also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATE: March 25, 2019

HON. MICHAEL M. ANELLO
United States District Judge