# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HUERTA,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, Acting Secretary of Homeland Security, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 18cv1640-MMA (LL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS**<br><br>[Doc. No. 60] |

Plaintiff David Huerta is a Seized Property Specialist with United States Customs and Border Protection ("CBP"), Department of Homeland Security. He filed this action *pro se* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, which protects federal employees from discrimination based on race, color, religion, sex, or national origin. Plaintiff alleged that his supervisor racially discriminated and retaliated against him. *See* Doc. No. 20. The government moved for summary judgment as to all claims. *See* Doc. No. 33. The Court granted the motion and entered judgment in the government's favor. *See* Doc. Nos. 50, 51. Thereafter, the government submitted a bill of costs seeking reimbursement for the cost of deposing Plaintiff. *See* Doc. No. 52. The Clerk of Court awarded the government a partial amount of $1,288.75, over Plaintiff's objection. *See* Doc. No. 57. Plaintiff now moves to retax costs pursuant to Federal Rule

of Civil Procedure 54(d).  *See* Doc. No. 60.  The government opposes the motion.[1]  *See* Doc. No. 58.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## DISCUSSION

As a matter of course, the prevailing party in civil litigation is entitled to costs.  *See* Fed. R. Civ. P. 54(d)(1).  Costs are limited to those sets forth in 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442–43 (1987).  Section 1920 permits the prevailing party to recover costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920.  Furthermore, this District's Civil Local Rules provide for the recovery of costs for copies of "both video and stenographic depositions," so long as "it could reasonably be expected the deposition would be used for trial preparation."  CivLR 54.1(b)(3).  Here, the government clearly deposed Plaintiff for the purpose of trial preparation.  The government introduced Plaintiff's deposition testimony into evidence in support of its motion for summary judgment.  *See id.* ("Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.").  And the cost associated therewith is minimal considering the nature and duration of this litigation.

The award of costs, however, is ultimately a matter within the court's discretion. *See Ass'n of Mexican-American Educators v. Calif.*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1249 (9th Cir. 2014) (district courts are afforded significant "flexibility in evaluating the suitability of awarding costs in a particular case.").  "Appropriate reasons for denying costs include: (1) the substantial

---

[1] The government opposes Plaintiff's motion on its merits but also argues that the motion is untimely.  The Court disagrees and will consider the motion on its merits.  *See* Fed. R. Civ. P. 54(d)(1); 6(a)(1); 6(d); 5(b)(2)(C).

public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba*, 743 F.3d at 1247–48 (citing *Ass'n of Mexican-American Educators*, 231 F.3d at 592–93).

None of these reasons support vacatur of the Clerk's order taxing costs in this case. Although this case was undoubtedly of significant import to Plaintiff, it was not of "substantial" importance to the public. Plaintiff contends that payment of the cost award "would cause an enormous financial hardship . . . ." Doc. No. 60 at 2. However, Plaintiff paid the filing fee to initiate this action, he is not proceeding *in forma pauperis*, he is gainfully employed, and has not otherwise provided evidence in support of his claim of financial hardship. Moreover, the taxable amount is both allowable and reasonable. The issues in this case were neither difficult nor close, particularly in light of Plaintiff's failure to adduce any evidence sufficient to avoid summary judgment. Nor has Plaintiff demonstrated how the costs awarded in this case would have a chilling effect on potential civil rights plaintiffs.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to retax costs and **AFFIRMS** the Clerk of Court's order taxing costs against Plaintiff in the amount of $1,288.75.

**IT IS SO ORDERED**.

DATED: October 28, 2020

HON. MICHAEL M. ANELLO
United States District Judge